# In the United States Court of Federal Claims

No. 12-395L
(Filed: July 18, 2017)
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| SCOTT J. LAMBERT, et al., | ) | |
| | ) | Rails-to-Trails; Class Action; Final |
| Plaintiffs, | ) | Approval of Settlement Agreement; |
| | ) | Approval of Class Counsel Fees under |
| v. | ) | the URA; *Haggart v. United States*, |
| | ) | 809 F.3d 1336 (Fed. Cir. 2016); |
| THE UNITED STATES, | ) | Comments at Fairness Hearing |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING FINAL APPROVAL TO PARTIES' REVISED PROPOSED SETTLEMENT FOR SUBCLASS I PLAINTIFFS**

This rails-to-trails class action arises from the conversion of a railroad corridor in Shelby County, Tennessee to a recreational trail.  The plaintiffs alleged that the government "took" their property interests without just compensation when it authorized the conversion of the rail corridor to a recreational trail.  This court has previously issued final approval for a proposed settlement on December 16, 2015 following a fairness hearing.  *See* Order Granting Approval of Proposed Settlement, ECF No. 102 ("Final Approval Order I").  The factual basis and history of this litigation is recounted in Final Approval Order I and will not be recounted here.  However, following the Federal Circuit's decision regarding attorneys' fees in *Haggart v. United States*, 809 F.3d 1336 (Fed. Cir. 2016), the court was obligated to reconsider the parties' proposed settlement only as it related to attorneys' fees.

On May 18, 2017, the parties filed a joint revised proposed revised noticed to class members regarding the proposed revised settlement agreement the parties had reached in light of the *Haggart* decision. ECF No 121. Under the proposed revised settlement, each plaintiff would receive the same settlement amount as approved in Final Approval Order I, plus additional interest since accrued. The plaintiffs will receive a principal total sum of $3,962,282.16, and $1,179,451.00 in interest accrued through December 31, 2016.

The proposed revised settlement agreement only differs from the original approved settlement agreement with regard to fees for counsels. Under the original settlement, class counsel was awarded a fee of 30% of the negotiated settlement (principal and interest), or $1,092,607.11. Final Approval Order I at 18. Under the proposed revised settlement, and in accordance with the Federal Circuit's ruling in *Haggart*, class counsel will instead be awarded fees and costs pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) ("URA") in the amount of $256,862.10 in fees and $20,875.71 in costs and expenses, for a total of $277,737.81. The court granted preliminary approval for the revised settlement on May 23, 2017 and notice was sent to class members. *See* ECF No. 123.

In response to the notice, class counsel received explicit approval of the settlement for 68 of the 88 claimants. *See* ECF No. 124. Though no class member objected to the settlement, class counsel received the following three comments:

1. Frances Cagle n/k/a Frances Pinkston – "Although I am approving this settlement, I still feel and believe the attorney fees are too much. I am disabled and retired as

2

   are others in the community I do understand the attorney has to make a living and has expenses, but it just seems high. Sorry that is just my personal feelings."

2. Estate of Herbert B. Moriarty, Jr. – "A previous original letter at time of original settlement had proposed value at a higher figure. I am trying to purge that letter (maybe misfiled) we basically agree to settlement, only question if there was a recalculation reappraiser of property since original correspondence."

3. Lawanda Thornton – "I want to make sure interest continues to accrue until settlement is approve and finalize. This has been a long journey to get to this point, for such a small amount of monies, since 2007."

*Id.* at 1-2.  Class counsel and the government were given an opportunity to respond in writing to these comments, *see* ECF Nos. 126 & 127, and the court held a telephonic fairness hearing on July 17, 2017.  No class members elected to participate in the fairness hearing.

The court may approve a proposed settlement in a class action case "only after a hearing and on finding that it is fair, reasonable, and adequate."  RCFC 23(e)(2); *see also Bailey v. United States*, 128 Fed. Cl. 550, 553 (2016).  The court has discretion to accept or reject a proposed settlement, but it may not alter the proposed settlement, nor may it decide the merits of the case or resolve unsettled legal questions.  *Hunneshagen Family Trust of June 25, 1999 v. United States*, 121 Fed. Cl. 51, 55 (2015) (citing *Adams v. United States*, 107 Fed. Cl. 74, 75-76 (2012); *Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986)).  For the reasons stated in Final Approval Order I, the court finds the principal settlement to be fair, reasonable, and adequate.   Further, for the reasons stated in Final Approval Order I, the court finds that the proposed attorneys' fees and costs to be paid pursuant to the URA are fair, reasonable, and consistent with the Federal Circuit's decision in *Haggart*.

The court finds that none of the three comments raised in response to the notice to class members cast doubt upon the fairness or adequacy of the settlement. With respect to the first comment, the court understands that class counsel will not be seeking to recover any contingency fee and that their fees under the URA do not come out of her recovery under the settlement agreement. As stated above, the court finds the agreed-upon fees under the URA to be fair and reasonable. With respect to the second comment, class counsel has represented that this class member's settlement amount has not changed, and has explained as much to the class member. As for the third comment, interest will continue to accrue until payment is made to class members.

Accordingly, the parties' revised proposed settlement agreement for the subclass I plaintiffs, including the attorneys' fees and costs agreed to as authorized by the URA, is **APPROVED**. Pursuant to RCFC 54(b), there being no just reason for delay, the Clerk is directed to enter judgment accordingly for the subclass I plaintiffs in the principal amount of $2,505,093.35 and $1,179,451.00 in interest accrued through December 31, 2016. The interest will continue to accrue until the plaintiffs are paid. The judgment also includes $256,862.10 as reimbursement for attorneys' fees and $20,875.71 in costs and expenses, for a total of $277,737.81 pursuant to the URA.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge